UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BOB WATSON,

                             NO. 2:06-cv-1549 FCD DAD

       Plaintiff,

   v.                       MEMORANDUM AND ORDER

YOLO COUNTY FLOOD CONTROL AND
WATER CONSERVATION DISTRICT,

       Defendant.

----oo0oo----

This matter is before the court on defendant's motion for certification of this court's October 17, 2007 Order (the "Order") for interlocutory appeal under 28 U.S.C. § 1292(b) and for a stay of this action pending the appeal.  Plaintiff Bob Watson ("plaintiff") opposes the motion.  For the reasons set forth below, the court finds that defendant has met his burden of demonstrating that the court's Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal may

1

1  materially advance the ultimate termination of this litigation.

2  Thus, pursuant to Section 1292(b), defendant's motion is

3  GRANTED.[1]

4                         **BACKGROUND**

5       Defendant moved for summary judgment on plaintiff's claims

6  for damages for allegedly unpaid minimum wages and overtime wages

7  accrued during his employment as a damtender at the Indian Valley

8  Dam at Indian Valley Reservoir in Yolo County, California.

9  Defendant asserted, *inter alia*, that the irrigation exemption to

10  the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(b)(12),

11  applied to plaintiff's position as a damtender, and thus, it was

12  not required to pay plaintiff overtime wages.  The irrigation

13  exemption provides that the maximum hour requirements of the FLSA

14  shall not apply to

15        any employee employed in agriculture or in connection
          with the operation or maintenance of ditches, canals,
16        reservoirs, or waterways, not owned or operated for
          profit, . . .  and which are used exclusively for
17        supply and storing of water, at least 90 percent of
          which was ultimately delivered for agricultural
18        purposes during the preceding calendar year.

19  29 U.S.C. § 213(b)(12) (West 2007).

20       In its Order, the court found that the irrigation exemption

21  was inapplicable to plaintiff's case because the Indian Valley

22  Reservoir is not used exclusively for the supply and storing of

23  water.  (Mem. & Order [Docket #72], filed Oct. 17, 2007, at 14-

24  15).  Specifically, the court held:

25        In amending section 213(b)(12), Congress did not remove
          the term "exclusively" from the language of the
26

27        [1]    Because oral argument will not be of material
   assistance, the court orders this matter submitted on the briefs.
28  E.D. Cal. L.R. 78-320(h).

                                  2

1  statute.  As such, the court must give this term force.
   See Dole, 909 F.2d at 351.  By its definition, the term
2  "exclusively" cannot and does not mean 90 percent.
   Therefore, these two statutory terms cannot be
3  conflated. . . .  A plain reading of the statute,
   giving force to each of the terms set forth by
4  Congress, demonstrates that the term "exclusively"
   applies to the supply and storage component while the
5  "90 percent" applies to the delivery component.
   Furthermore, the court's interpretation of the function
6  of the term "exclusively" in § 213(b)(12) narrowly
   construes the section against defendant District.  See
7  Arnold, 361 U.S. 388 at 392 (1960)); Cleveland, 420
   F.3d at 988; Dole, 909 F.2d at 352 (9th Cir. 1990).
8

9  (Mem. & Order [Docket #72] at 14).  Based upon its interpretation

10 of the statute, the court held that the irrigation exemption did

11 not apply to plaintiff's position as a damtender.[2]

12     After review of defendant's other bases for its motion, the

13 court granted in part and denied in part defendant's motion for

14 summary judgment.  Defendant now moves for interlocutory appeal

15 of the court's October 17 Order as it relates to the

16 interpretation of the irrigation exemption to the FLSA.

17                            **STANDARD**

18     The general rule is that an appellate court should not

19 review a district court ruling until after entry of a final

20 judgment.  Coopers & Lyband v. Livesay, 437 U.S. 463, 474 (1978);

21 In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir.

22 1982), aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S.

23 1190 (1983); see 28 U.S.C. § 1291.  There is, however, an

24 exception to this general rule:

25 _____

26     [2]  Because the defendant did not demonstrate that the
   Indian Valley Reservoir was used exclusively for the supply and
27 storing of water, the court did not reach the issue of whether 90
   percent of the water delivered was used for agricultural
28 purposes.  (Id. at 14-15).  Plaintiff requested further discovery
   with respect to this issue.  (Id. at 15).

3

1
2
3
4
5
6

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section,
> shall be of the opinion that such order involves a
> controlling question of law as to which there is
> substantial ground for difference of opinion and that
> an immediate appeal for the order may materially
> advance the ultimate termination of the litigation, he
> shall so state in writing in such order.  The Court of
> Appeals . . . may thereupon . . . permit an appeal . .
> . if application is made to it within ten days . . . .

7  28 U.S.C. § 1292(b).  The party seeking certification of an

8  interlocutory appeal has the burden to show the presence of those

9  exceptional circumstances.  Coopers & Lybrand, 437 U.S. at 474-

10  75.

11      Section 1292 identifies three factors that must be present

12  in order for the court to certify an appeal.  First, the issue to

13  be certified must involve a controlling issue of law.  "Courts

14  have refused to interpret the phrase so narrowly as to require

15  that reversal of the district court's order terminate the

16  litigation."  In re Cement Antitrust Litig., 673 F.2d at 1026

17  (citing United States v. Woodbury, 263 F.2d 784, 787 (9th Cir.

18  1959).  Rather, an issue is "controlling" if "resolution of the

19  issue on appeal could materially affect the outcome of litigation

20  in the district court."  Id. (citing U.S. Rubber Co. v. Wright,

21  359 F.2d 784, 785 (9th Cir. 1966)).  Second, there must be

22  substantial ground for difference of opinion on that issue.  A

23  party's strong disagreement with the court's ruling is not

24  sufficient for there to be a "substantial ground for difference;"

25  the proponent of an appeal must make some greater showing.  Kern-

26  Tulare Water Dist. v. Bakersfield, 634 F. Supp. 656, 667 (E.D.

27  Cal. 1986), aff'd in part and rev'd in part on other grounds, 828

28  F.2d 514 (9th Cir. 1987).  Third, an interlocutory appeal must be

1  likely to materially speed the termination of the litigation.

2  This factor is linked to whether an issue of law is "controlling"

3  in that the court should consider the effect of a reversal by the

4  court of appeals on the management of the case.  See In re Cement

5  Antitrust Litig., 673 F.2d at 1026.

6      As to a stay of the pending action, Section 1292(b) states:

7  "[A]pplication for an appeal hereunder shall not stay proceedings

8  in the district court unless the district judge or the Court of

9  Appeals or a judge thereof shall so order."  Thus, by statute,

10  this court has authority to stay the proceedings pending an

11  interlocutory appeal.  This court also possesses the inherent

12  power to control its own docket and calendar.  "A district court

13  has inherent discretion to control the disposition of the causes

14  on its docket in a manner which will promote economy of time and

15  effort for itself, for counsel, and for litigants."  Filtrol

16  Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (quotations

17  and citations omitted).  In Mediterranean Enterprises, Inc. v.

18  Ssangyong Corp., the Ninth Circuit recognized:

19      A trial court may, with propriety, find it is efficient
       for its own docket and the fairest course for the
20      parties to enter a stay of an action before it, pending
       resolution of independent proceedings which bear upon
21      the case.  This rule . . . does not require that the
       issues in such proceedings are necessarily controlling
22      of the action before the court.

23  708 F.2d 1458, 1465 (9th Cir. 1983) (citations omitted).

24                              **ANALYSIS**

25      As to the first requirement for interlocutory appeal,

26  defendant seeks certification for immediate interlocutory appeal

27  on the singular issue of whether the irrigation exemption applies

28  to plaintiff's position as a damtender at the Indian Valley

                                   5

1 Reservoir.  The applicability of the exemption hinges on the

2 interpretation of the language of § 213 of the FLSA and

3 specifically, upon the meaning of the term "exclusive."  The

4 proper interpretation of the language of § 213 is a question of

5 law.  See Ahrenholz v. Bd. of Trustees of Univ. of Ill., 219 F.3d

6 674, 676 (7th Cir. 2000) (stating that "question of law" refers

7 to a "question of the meaning of a statutory or constitutional

8 provision").

9     That question of law is "controlling" within the meaning of

10 Section 1292(b) because an interlocutory appeal would "materially

11 affect the outcome of [the] litigation in [this court]."  In re

12 Cement Antitrust Litig., 673 F.2d at 1026.  Plaintiff contends

13 that reversal of this court's decision would not necessarily be

14 dispositive of the case due to unresolved factual issues relating

15 to the 90 percent component of the exemption; however,

16 termination of the litigation is not required to satisfy this

17 element.  Id.  In this case, the applicability of the irrigation

18 exemption is a threshold issue with respect to plaintiff's claim

19 for unpaid overtime wages.  Even if there is an issue of fact

20 regarding whether 90 percent of the water was delivered for

21 agricultural purposes,[3] the court would need to submit that

22 question to the jury.  Under the court's interpretation of § 213

23 as set forth in the October 17 Order, this is not currently an

24 issue that would be presented to the jury.  Further, if

25 defendant's evidence relating to the 90 percent component is

26

27     [3]     The court did not make any findings with respect to
this component of the exemption because it was unnecessary in
28 light of the court's interpretation of § 213.

6

1 undisputed, the interpretation of the irrigation exemption is

2 dispositive of the case; reversal of this court's order would

3 terminate the litigation.

4     For these same reasons, defendant has also demonstrated that

5 the appeal will advance the ultimate termination of the

6 litigation.  The potential for bringing the litigation to a more

7 expeditious close is related to the "controlling issue of law"

8 factor for certification.  See id.  The court must consider the

9 effect of a reversal by the court of appeals on the management of

10 the case.  Id.  Here, a reversal of this court's Order could

11 resolve this case in its entirety if defendant can present

12 undisputed evidence that 90 percent of the water delivered was

13 used for agricultural purposes.  Further, even if a triable issue

14 of fact is raise with respect to this element, the submission of

15 this threshold issue to the jury will also advance the ultimate

16 termination of the litigation.

17     As to the final requirement for certification of

18 interlocutory appeal, the court acknowledged in its Order that

19 there was a paucity of relevant case law on the applicability of

20 the irrigation exemption.  (Mem. & Order [Docket #72] at 12-13).

21 The court specifically noted that the only federal case to

22 address the interpretation of § 213 after it was amended in 1997

23 is an unpublished decision from the Eastern District of

24 California.  See Avila v. Turlock Irrigation District, 2006 WL

25 3437549 (E.D. Cal. Nov. 27, 2006).  However, the court's Order

26 did not adopt the interpretation of § 213 set forth in Avila.  As

27 such, there is now an intra-district conflict with respect to the

28

7

1   interpretation of the irrigation exemption to the FLSA.[4]  Thus,

2   the court finds that there is substantial ground for difference

3   of opinion on the issue.

4        Because a reversal of this court's Order by the Ninth

5   Circuit could materially affect this case and advance the

6   ultimate termination of litigation, the court stays this action

7   in its entirety pending resolution of defendant's appeal of the

8   Order.  Said stay promotes economy of time and effort both for

9   the court and the parties.  <u>Filtrol Corp.</u>, 467 F.2d at 244.

10                            **CONCLUSION**

11       For the foregoing reasons, the court finds that its

12  October 17, 2007 Order, holding that the irrigation exemption to

13  the FLSA is inapplicable to plaintiff's position as a dam-tender

14  at the Indian Valley Reservoir, involves a controlling question

15  of law as to which there is substantial ground for difference of

16  opinion, and that an immediate appeal from the Order may

17  materially advance the ultimate termination of the litigation.

18  As such, defendant's motion for certification of the court's

19  October 17, 2007 Order for interlocutory appeal is GRANTED.  The

20  court stays this action in its entirety pending resolution of

21  said appeal.

22       IT IS SO ORDERED.

23  DATED: November 16, 2007

24                                 _____
                                   FRANK C. DAMRELL, JR.
                                   UNITED STATES DISTRICT JUDGE

25

26       [4]   The court does not repeat its analysis of the
    irrigation exemption or its rationale for rejecting the court's
27  rational in <u>Avila v. Turlock Irrigation District</u>, 2006 WL 3437549
    (E.D. Cal. Nov. 27, 2006).  Such analysis is fully set forth in
28  the Order.